IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>RAFAEL ALMONTE RAMÍREZ,<br>*Debtor* | CASE NO:09-08581 (BKT)<br><br>CHAPTER 7 |
| RAFAEL ALMONTE RAMÍREZ,<br>Plaintiff,<br>      vs.<br><br>UNIVERSAL INSURANCE COMPANY; JOHN DOE & RICHARD ROE; INSURANCE COMPANIES X, Y OR Z<br><br>      Defendants. | ADV. PROC. NO. 12-00379(BKT) |
| WILFREDO SEGARRA MIRANDA,<br>*CHAPTER 7 TRUSTEE* | |

**UNIVERSAL INSURANCE COMPANY'S SUR-REPLY TO PLAINTIFF'S REPLY RE:
MOTION FOR SUMMARY JUDGMENT**

**COME NOW** co-defendant Universal Insurance Company ("Universal"), through the undersigned attorneys, and very respectfully states and prays as follows:

I.     **Introduction:**

On May 8, 2013, Plaintiff Rafael Almonte Ramírez filed a Motion for Summary Judgment (Docket # 16-17) alleging that Universal's complaint before the Court of First Instance requesting the foreclosure of a property of the estate to satisfy its secured credit was in violation of the automatic stay and of the discharge granted by the Bankruptcy Court. After requesting an extension of time, Universal filed its opposition to said motion July 1, 2013. See, Docket # 34. Plaintiff then filed a Reply memorandum where it alleged that Universal admitted liability and that his motion for summary judgment should be granted. See, Docket # 44. As discussed below, Plaintiff's arguments in reply are without merit.

A. Universal's Complaint before the Puerto Rico Court of First Instance (hereafter "the Complaint") was permitted by the stipulation between the parties to lift the automatic stay, adopted by the Bankruptcy Court on December 16, 2010

Plaintiff argues in reply that the lift of the automatic stay did not permit Universal to file the Complaint at issue requesting personal liability against Plaintiff. However, Universal does not contest that legal argument. Universal's contention is that the Complaint filed in state court complied with the lift of automatic stay because it included a request to foreclose the property under the ordinary procedure, which is one of the available foreclosure procedures under Puerto Rico law and, as such, **was allowed by the order lifting the automatic stay.** Further, Plaintiff's argument that the Complaint violated the stay because it sought to impose personal liability against him is not supported by the record, since the Complaint at issue was filed against **two co-defendants,** one of which **was not a debtor.** Thus, Plaintiff cannot establish that the Complaint violated the stay.

B. Universal's Complaint did not violate the automatic stay insofar as it was filed against multiple defendants that were not debtors protected by the stay

Plaintiff argues in his reply that Universal's argument that the Complaint did not violate the automatic stay because it was addressed at two (2) co-defendants, one of which was not a debtor, is without merit because Universal **purportedly sought to discovery Plaintiff's personal assets.** However, said proposition is not supported by the record. As shown by Plaintiff's own Exhibit # 3, Universal's Interrogatories and Request for Production of Documents is addressed at **both defendants.** Plaintiff cannot demonstrate that the discovery requests were particularly addressed to him. Thus, Plaintiff failed to meet his burden of proof with regards to this issue.

Furthermore, Plaintiff alleges that despite the fact that the Complaint is addressed at **two co-defendants,** nothing in the Complaint suggests that the request for *in personam* liability is strictly confined to co-defendant Mrs. Concepción Belaval, who is not a debtor. As such, he argues, the Complaint violates the automatic stay. Plaintiff's argument is without merit and misconstrues the

burden of proof in this case. Clearly, it is **Plaintiff who has the burden of proof to establish that the Complaint did violate the stay.** Thus, it is Plaintiff who was to establish that the Complaint's request for a deficiency judgment was addressed to him. Since Plaintiff, admittedly, cannot do this, his Adversary Proceeding fails as a matter of law.

    C.  Plaintiff's complaint is barred by the *laches* doctrine

Plaintiff's reply argues that the doctrine of *laches* does not apply to this case because his delay was not as egregious as proposed by Universal. He argues that he raised the argument that the Complaint violated the stay in his first responsive pleading, filed only **5 months** after the Complaint was served. His contention is not supported by the record. The Answer to the Complaint did not include that argument as an affirmative defense. See, Defendant's Exhibit # 1, Affirmative Defenses Section. Pursuant to the Puerto Rico Rules of Civil Procedure, **an allegation that the complaint is barred by an exoneration in bankruptcy must be included as an affirmative defense, or it is waived.** See, Puerto Rico Rules of Civil Procedure, R. 6.3 ("When responding to an allegation, the following defenses must be affirmatively raised: …(f) exoneration by bankruptcy… **These defenses must be raised in a clear, express and specific way when responding to an allegation or they would be deemed as waived**.") As such, Plaintiff's argument that the complaint was barred by his bankruptcy proceeding was waived.

In any event, to support his contention that he included the argument in the Answer to the Complaint, Plaintiff only cites the language he used to deny Universal's paragraph # 12 (where it affirmed that the Complaint was allowed by the lift of stay). However, Plaintiff's response to Universal's fact # 12 only denied the fact **for lack of information**. Further, it conclusively alleged that the stipulation did not include the ad verbatim language cited in the Complaint. It did not argue, however, that the Complaint violated the stay. **Thus, it remains clear and uncontested that the first time Plaintiff alleged that the Complaint was in violation of the stay was on June 2012, over a**

**year and a half after the filing of the Complaint.** Certainly, this delay in raising "such a clear violation of the stay" (as Plaintiff now wants to have the Court believe), for such a long period of time constitutes an unreasonable delay that fits the *laches* defense perfectly. <u>In re Smith Corset Shops</u>, 696 F. 2d 971 (1st Cir. 1982). (a debtor cannot "remain stealthily silent when it kn[ows] that [there is a potential violation of the stay] and then turn around and successfully sue the [creditor] for the alleged [violation]. We do not think Congress envisioned any such misuse of the automatic stay.")

D. <u>Plaintiff was not injured by the alleged violation of the automatic stay and is not entitled to any award for damages; or he failed to mitigate damages; and Plaintiff is not entitled to an award of attorney's fees and costs because he suffered no actual injury as a result of the purported violation of the stay</u>

Plaintiff simply argues in reply that Universal's argument that he has not suffered any damages as the result of Universal's complaint is premature because the Court is obligated to hold an evidentiary hearing on the issue of damages prior to making such a determination. He further argues that the Court can only entertain the issue of damages after it makes a conclusion regarding Universal's liability. However, Plaintiff's argument is not completely accurate. Although it is true that, normally, the Court must obtain evidence prior to determining whether Plaintiff has suffered damages, in cases such as these, the Court may consider the absence of damages, the failure to mitigate damages, and/or the fact that the damages were self-imposed when deciding whether Defendant violated the stay. Furthermore, if attorney's fees are only associated to bringing the adversary procedure, without any additional damages, they are not available as a remedy. That is why Universal included such arguments in its opposing papers.[1]

---

[1] See, <u>Hutchings v. Ocwen Fed. Bank</u>, 348 B.R. 847 (Bankr. Ct. D. Al. 2006)(holding that plaintiff was not entitled to recovery despite creditor's inadvertent violation of the stay, because he failed to mitigate damages and the creditor had stopped making the collection calls in violation of the stay soon after it learned of the violation, and before the adversary proceeding had commenced); <u>Shadduck v. Rodolakis</u>, 221 B.R. 573 (D. Mass. 1998)("where the only damages to the debtor are the attorneys' fees related to bringing a contempt motion, courts have ruled that such damages are insufficient to satisfy the damages element of 11 U.S.C. § 362(h) unless the debtor attempts to resolve the dispute… prior to filing a motion for contempt and sanctions."); see also, <u>In re Craine</u>, 206 B.R. 594 (B.R. D. Fl. 1997)(denying motion for sanctions for violation of the automatic stay because there was no evidence of actual damages other than the fees incurred in filing the motion); <u>In re Brock Utils. & Grading,</u> 185 B.R. 719 (B.R. DNC 1995)(holding that plaintiff had

E.  <u>Plaintiff is not entitled to emotional or punitive damages since Universal's actions, even if deemed in violation of the stay, did not constitute "egregious, intentional misconduct"</u>

Plaintiff's reply did not include any argument regarding the absence of punitive damages under the factual scenario of this case. Thus, Plaintiff's waived any argument in opposition and the Court should deem Universal's arguments in this section as admitted.

F.  <u>Universal's Complaint and Motion for Summary Judgment did not violate the discharge order</u>

Plaintiff's reply argues that Universal admitted that it sought to impose personal liability upon Plaintiff in the Complaint after the discharge order was issued. However, that is not correct. Contrary to Plaintiff's argument, Universal argued that "**maintaining the Complaint seeking to foreclose the property to collect its credit is not in violation of the discharge order**." <u>See</u>, Docket # 34, p. 15; <u>Johnson v. Home State Bank</u>, 501 U.S. 78, 84 (1991)("Even after the debtor's personal obligations have been extinguished, the mortgage holder still retains a "right to payment" in the form of its right to the proceeds from the sale of the debtor's property.") Universal's motion for summary judgment before the state court, the only pleading filed after the discharge order did not request the imposition of *in personam* liability against Plaintiff, but **against defendants**. <u>See,</u> Plaintiff's Exhibit # 5. As stated before, the Complaint included a co-defendant who was not a debtor, and, thus, said request cannot be deemed as a violation of the discharge order. Furthermore, as soon as Plaintiff raised the issue, Universal sought to dismiss any personal claim against the parties. As such, Universal did not violate the discharge order since it did not continue to prosecute the personal claim.

G.  <u>Universal requests leave to conduct discovery associated with the claim for damages</u>

Plaintiff did not oppose Universal's request to conduct discovery limited to the issue of

---

not suffered injury for the automatic stay violation and that plaintiff would have "allayed any fears" he may have had with a simple phone call); <u>Lovett v. Honeywell</u>, 930 F. 2d 625 (8th Cir. 1991)(holding an award for fees inappropriate when there was no evidence of actual damages, since costs are only available to embellish actual damages. The time and costs spent bringing the motion to sanction the violation, in the absence of other damage, is not recoverable under § 362); <u>McHenry v. Key Bank</u>, 179 B.R. 165 (9th Cir. BAP 1995)(reversing an award for attorneys' fees associated with the filing of the adversary proceeding when those were the only actual damages suffered as a result of the stay violation); see also, <u>Hutchings</u>, 348 B.R. 847 (collecting cases with the same holding).

damages if the Court were to grant the dispositive motion. Thus, in the event it was necessary, Plaintiff acquiesced to Universal's request, and the Court should allow the requested leave.

II. **Conclusion:**

For the reasons set forth above, Plaintiff has not demonstrated that he is entitled to summary judgment in his favor, and, as such, his motion should be denied.

**WHEREFORE**, Defendant respectfully requests the Honorable Court to deny Plaintiff's request for summary judgment.

**WE HEREBY CERTIFY** that, on this date, the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties of record.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this 16th day of August, 2013.

CASILLAS | SANTIAGO | TORRES LLC

*Attorneys for Co-Defendants*
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3439/3496
Fax: (787) 523-3433
E-mail: jcasillas@cstlawpr.com
mbermudez@cstlawpr.com

*s/JUAN J. CASILLAS AYALA*
JUAN J. CASILLAS-AYALA, ESQ.
USDC-PR NO. 218312

*S/MASSIEL BERMÚDEZ RÍOS*
MASSIEL BERMUDEZ-RIOS, ESQ.
USDC-PR NO. 226203