**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** <br><br> **RAFAEL ALMONTE RAMIREZ** <br><br><br> **Debtor** | **CASE NO. 09-08581 BKT** <br> **Chapter 7** |
| **RAFAEL ALMONTE RAMIREZ** <br><br> **Plaintiff** <br><br> **vs.** <br><br> **UNIVERSAL INSURANCE COMPANY, JOHN DOE, RICHARD ROE, AND INSURANCE COMPANIES X OR Y** <br><br> **Defendants** | **Adversary No. 12-00379 BKT** <br><br><br><br><br> **FILED & ENTERED ON 10/24/2014** |

## OPINION AND ORDER

Before this court is a Motion for Partial Summary Judgment and Memorandum in Support Thereof filed by Plaintiff, Rafael Almonte Ramírez ("Mr. Almonte" or "Plaintiff") [Dkt. No. 16], Statement of Uncontested Facts in Support of Motion for Partial Summary Judgment filed by Plaintiff [Dkt. No. 17], Opposition to Plaintiff's Motion for Summary Judgment filed by Defendant, Universal Insurance Company ("Universal" or "Defendant") [Dkt. No. 34], Reply to Universal's Opposing Statement of Uncontested Facts and Additional Statement of Uncontested Facts filed by Plaintiff [Dkt. No. 43], Reply Memorandum to Universal's Opposition to Motion for Summary Judgment filed by Plaintiff [Dkt. No. 44], and Sur-Reply to Plaintiff's Reply Re:

1

Motion for Summary Judgment filed by Defendant [Dkt. No. 55]. For the reasons set forth below, Plaintiff's Motion for Partial Summary Judgment is DENIED in part and GRANTED in part.

## I. Factual Background

This adversary proceeding stems from issues pertaining to Universal's credit over Mr. Almonte's real property located in Guaynabo, Puerto Rico ("Real Property"). Universal has a second ranked mortgage on the Real Property in the amount of $300,000.00. On October 7, 2009, Mr. Almonte filed for relief under chapter 11 of the Bankruptcy Code. On June 16, 2010, Mr. Almonte filed his plan for reorganization. Upon the filing of his plan, Mr. Almonte realized that the Real Property was not necessary to an effective reorganization. Given the aforementioned, Mr. Almonte acquiesced to, and this Court ordered, the lifting of the automatic stay so that Universal could satisfy its credit.

The stipulation approved by the court reads, in pertinent part, as follows:

> 5. The parties stipulate that any equity in the Property left after *satisfaction* of BPPR and UNICO's secured claims will be made available to unsecured creditors under Debtor's Plan of Reorganization.

> 6. In view of the above Debtor consents to the lifting of the automatic stay upon approval of this stipulation. (emphasis added).

[Case No. 09-08581, Dkt No. 143]. As a result, on January 12, 2011, Defendant filed a collection & foreclosure action in state court against Mr. Almonte and Sharon Concepción Belaval ("Ms. Concepción"), as co-owners of the Real Property ("State Court Action"). In its complaint, Universal requested the satisfaction of its credit through the sale of the Real Property. Said complaint states in pertinent part:

2

12. The co-defendant party, Rafael Almonte Ramírez, filed a petition before the Federal Bankruptcy Court. Given this situation, Universal obtained a relief to continue with collection proceedings through the state legal system.

. . .

13. In accordance with the above, it is respectfully requested that this here lawsuit be accepted and granted and that judgment be issued that condemns the defendant party in this case to pay Universal the total sum of three hundred thousand dollars ($300,000.00) mentioned above.

14. Should final judgment be issued without the defendant party having satisfied the amount, it is requested that its execution be provided through the legal sale of the real estate property described above. It is also requested that after payment of costs, expenses and legal fees incurred as a result of this litigation, Universal be paid the sum of its claim from the product of the sale, and should there be any remnant, it be deposited with the Court Secretary, until this Honorable Court provides for its disposal.

[Dkt. No. 29, Exhibit 1]. Mr. Almonte failed to answer the State Court Action complaint, and default judgment was entered. Several months later, the state court set aside the default judgment and allowed Mr. Almonte to answer the complaint. In the meantime, this Court converted Mr. Almonte's bankruptcy to chapter 7 and on July 18, 2011, issued a standard discharge ("Discharge Order").

Nevertheless, Universal proceeded with the State Court Action. In its answer in the State Court Action, Mr. Almonte argued that Universal did not have a valid credit, regardless of his stipulation to the contrary, among other defenses. Universal proceeded with a motion for summary judgment. As he does in the matter before this Court, Mr. Almonte responded by requesting that the court declare Universal reckless for violating the automatic stay. Furthermore, Universal motioned to voluntarily dismiss, with prejudice, any and all personal causes of action

3

against Mr. Almonte and Ms. Concepción, leaving the Real Property's foreclosure as the only relief requested.

After considering all arguments, on March 13, 2013, the state court ruled in favor of Universal. The state court reasoned as follows:

> In this case, the parties agreed to lift the automatic stay for the purpose of proceeding with the foreclosure on the property. Said agreement was attached to the Complaint filed in the case herein. To such effect, the defendant agreed that the case would be heard in the state courts. Therefore, when he actively defended himself against the allegations included in the Complaint, he violated the agreement. In addition, as established by the applicable case law, even though the action to foreclose on the mortgage is an *in rem* action, it must be addressed against the persons who appear registered as titleholders of the mortgaged real property. Therefore, including them in the complaint is inevitable and does not violate the automatic stay or the discharge obtained at the Bankruptcy Court. Accumulating an action for collection does violate it.

[Dkt. No. 47, Exhibit 5]. As a result, the state court granted the foreclosure of the Real Property.

Before the state court ruled on the matter, on October 11, 2012, Mr. Almonte filed the captioned adversary proceeding. As in the State Court Action, Mr. Almonte argued that: (1) Universal willfully violated the automatic stay by filing the complaint in the State Court Action; and (2) Universal willfully violated the standard discharge. Two months after the state court's ruling, on May 8, 2013, Mr. Almonte filed the Motion for Partial Summary Judgment ("Motion") at issue. In said Motion, Mr. Almonte argues that: (1) Universal willfully violated the automatic stay by filing and continuing to prosecute a complaint against Mr. Almonte demanding his personal liability and personal property; and (2) Universal willfully violated the discharge order when it continued to prosecute the State Court Action seeking to impose personal liability and collect Mr. Almonte's personal assets for a prepetition and discharged debt.

4

On July 1, 2013, Universal submitted its opposition to Mr. Almonte's Motion ("Response"). Universal responded to Mr. Almonte's arguments as follows: (1) Universal's complaint before the Puerto Rico Court of First Instance was permitted by the stipulation between the parties to lift the automatic stay, adopted by the Bankruptcy Court on December 16, 2010; (2) Universal's State Court Action complaint did not violate the automatic stay insofar as it was filed against multiple defendants that were not debtors protected by the stay; (3) The adversary proceeding at hand is barred by the laches doctrine; (4) Mr. Almonte was not injured by the alleged violation of the automatic stay and is not entitled to any award for damages or, in the alternative, he failed to mitigate damages; (5) Mr. Almonte is not entitled to an award of attorney's fees and costs because he suffered no actual injury as a result of the purported violation of the stay; (6) Mr. Almonte is not entitled to emotional or punitive damages since Universal's actions, even if deemed in violation of the stay, did not constitute "egregious, intentional misconduct"; and (7) Universal's Complaint and Motion for Summary Judgment did not violate the discharge order. Additionally, in the event that this Court concludes that the record supports an automatic stay violation, Universal requests leave to conduct discovery limited to the issue of damages before a hearing on the issue. Thereafter, on July 27, 2013, Mr. Almonte filed its reply to Universal's Response ("Reply"), and on August 16, 2013, Universal filed its sur-reply to Mr. Almonte's reply.

**II.      Standard of Review**

The role of summary judgment is to look behind the facade of the pleadings and assay the parties' proof in order to determine whether a trial is required. Mulvihill v. Top-Flite Golf Co., 335 F.3d 15, 19 (1st Cir. 2003). Pursuant to Fed. R. Civ. P.  Rule 56(c), made applicable in

5

bankruptcy by Fed. R. Bankr. P. 7056, a summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). As to issues on which the Movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact.  In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank, 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001).  A fact is deemed "material" if it could potentially affect the outcome of the suit. Borges, 605 F.3d at 5. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. at 4. The court must view the evidence in the light most favorable to the nonmoving party.  Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 26 (1st Cir. 2004). Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." Rijos, 263 B.R. at 388.

Although this perspective is favorable to the nonmoving party, she still must demonstrate, "through submissions of evidentiary quality, that a trial worthy issue persists." Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006). Moreover, "[o]n issues where the non Movant bears the ultimate burden of proof, [she] must present definite, competent evidence to rebut the motion." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir.1991). These showings may not rest upon "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v.

6

<u>R.J. Reynolds Tobacco Co.</u>, 896 F.2d 5, 8 (1st Cir.1990). The evidence offered by the nonmoving party "cannot be merely colorable, but must be sufficiently probative to show differing versions of fact which justify a trial." <u>Id.</u>; <u>See also</u> <u>Horta v. Sullivan</u>, 4 F.3d 2, 7-8 (1st Cir. 1993) (holding that the materials attached to the motion for summary judgment must be admissible and usable at trial). "The mere existence of a scintilla of evidence" in the nonmoving party's favor is insufficient to defeat summary judgment. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); <u>González-Pina v. Rodríguez</u>, 407 F.3d 425, 431 (1st Cir. 2005).

### III. Legal Analysis

The main issues before the court are: (1) whether Universal willfully violated the automatic stay; and (2) whether Universal willfully violated the standard discharge. As to the first issue, "[t]he automatic stay provision is one of the fundamental debtor protections in the Bankruptcy Code." <u>In re Velez Arcay</u>, 499 B.R. 225, 233 (Bankr. D.P.R. 2013). "It gives the debtor a 'breathing spell' from creditors and stops all collection efforts, all harassment, and all foreclosure actions." <u>Id.</u> The automatic stay imposes on creditors an affirmative duty of compliance. <u>Id.</u> In fact, the Bankruptcy Code provides for damages in the event of a violation of the automatic stay: "an individual injured by a willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). Furthermore, if a debtor seeks damages pursuant to Section 362, he or she "bears the burden of proving by a preponderance of the evidence the following three elements: (1) that a violation of the automatic stay occurred; (2) that the violation was willfully committed; and (3) that the debtor suffered

damages as a result of the violation." Slabicki v. Gleason (In re Slabicki), 466 B.R. 572, 577–578 (1st Cir. BAP 2012).

The aforementioned being said, relief from the automatic "may be granted when necessary to permit litigation to be concluded in another forum." In re Guzman, 513 B.R. 202, 208 (Bankr. D.P.R. 2014). Such was the case in the matter at hand. In its order lifting the automatic stay, the Court approved the amended stipulation between Mr. Almonte and Universal. Said stipulation states, in pertinent part:

> 5. The parties stipulate that any equity in the Property left after *satisfaction* of BPPR and UNICO's secured claims will be made available to unsecured creditors under Debtor's Plan of Reorganization.

> 6. In view of the above Debtor consents to the lifting of the automatic stay upon approval of this stipulation. (emphasis added).

[Case No. 09-08581, Dkt No. 143]. Mr. Almonte argues that said stipulation only lifted the automatic stay on an *in rem* basis. However, there is no language in the stipulation that limits the lifting of the automatic stay to the foreclosure of the real property. In fact, nowhere in the document do the parties mention a foreclosure procedure. Given the aforementioned, it is evident that Mr. Almonte has failed to meet his burden of proof. The pleadings, exhibits, and affidavits presented convince the court that there is no genuine issue as to whether a violation of the automatic stay occurred. This Court holds that Universal did not violate the automatic stay.

Mr. Almonte then continues to allege that Universal willfully violated the standard discharge. Section 524 provides that a discharge under the Bankruptcy Code "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether

8

or not discharge of such debt is waived." 11 U.S.C. § 524. Furthermore, Section 727 states that a discharge order under Chapter 7 of the Bankruptcy Code "discharges the debtor from all debts that arose before the date of the order for relief under this chapter." 11 U.S.C. § 727. In effect, "a discharge in bankruptcy relieves a debtor from all pre-petition debt, and § 524(a) permanently enjoins creditor actions to collect discharged debts." Bessette v. Avco Fin. Services, Inc., 230 F.3d 439, 444 (1st Cir. 2000), amended on denial of reh'g (Dec. 15, 2000).

The effect of a bankruptcy discharge is that it "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2). The discharge injunction is the mechanism by which a debtor may commence his or her fresh start debt-free. In re Latanowich, 207 B.R. 326, 334 (Bankr.D.Mass.1997) (stating that "[t]he purpose of the permanent injunction set forth at § 524(a)(2) and reiterated in the discharge order is to effectuate one of the primary purposes of the Bankruptcy Code: to afford the debtor a financial fresh start."); Green v. Welsh, 956 F.2d 30, 33 (2d Cir.19992); Baker v. Sommerville Mun. Fed. Credit Union (In re Baker), 2006 Bankr.Lexis 3183 (Bankr. D. Mass. 2006). The discharge injunction is like a permanent extension of the automatic stay under 11 U.S.C. § 362(a) of the Bankruptcy Code and thus, includes all types of collection activity such as; letters, phone calls, threats of criminal proceedings or other adverse actions brought about with the purpose of debt repayment. See Alan N. Resnick & Henry J. Sommer, 4 Collier on Bankruptcy ¶ 524.02[2] (15th ed.2009); Ung v. Boni (In re Boni ), 240 B.R. 381, 384 n. 5 (B.A.P. 9th Cir.1999). Moreover, "[c]reditors are obligated to maintain procedures to ensure that they do not violate section 524, and may be held liable for damages and

9

attorney's fees if they do not." Alan N. Resnick & Henry J. Sommer, 4 Collier on Bankruptcy ¶ 524.02[b] (15th ed.2009); In re Roush, 88 B.R. 163, 165 (Bankr. S.D. Ohio 1988); Faust v. Texaco (In re Faust), 270 B.R. 310, 317 (Bankr. M.D. Ga.1998); In re Nassoko, 405 B.R. 515, 521 (Bankr. S.D.N.Y. 2009). "Although § 524(a), which establishes the discharge injunction, does not include a specific provision setting out available remedies for violations of the discharge injunction, bankruptcy courts invoke § 105(a), which grants bankruptcy courts broad equitable powers, to enforce the discharge injunction, using the mechanism of civil contempt action." Parker v. Boston Univ. (In re Parker), 334 B.R. 529, 537–538 (Bankr. D. Mass. 2005).

In the First Circuit, "[t]he standard for a willful violation of the discharge injunction under § 524(a)(2) is met if the defendant had knowledge of the discharge injunction and the same intended the actions which constituted the violation." Fleet Mortg. Group, Inc. v. Kaneb, 196 F.3d 265, 268 (1st Cir. 1999). The defendant must have actual or constructive knowledge of the discharged debt for the knowledge requirement to be satisfied. See Torres v. Chase Bank U.S.A., N.A. (In re Torres), 367 B.R. 478, 490 (Bankr. S.D.N.Y. 2007). "Civil contempt must be proven by clear and convincing evidence." Ellis v. Dunn (In re Dunn), 324 B.R. 175, 179 (D. Mass. 2005).

In the matter at hand, it is evident that Universal had knowledge of the discharge injunction. As a creditor, Universal was notified of Mr. Almonte's standard discharge. Notwithstanding the discharge order, Universal continued to prosecute the State Court Action. A more appropriate course of action would have been to object to the granting of the standard discharge under Section 727(c) or pursue a revocation of discharge under Section 727(d) & (e). The stipulation between the parties allowed Universal to pursue the satisfaction of its credit,

10

"however, it did not provide immunity from the effects of any future discharge of debts." Chateau Communities, Inc. v. Miller, 252 B.R. 121, 125 (E.D. Mich. 2000) aff'd sub nom. In re Miller, 282 F.3d 874 (6th Cir. 2002). Therefore, this Court finds that there is no genuine issue as to whether Universal violated the discharge injunction. It did.

**IV.     Conclusion**

WHEREFORE, IT IS ORDERED that Plaintiff's Motion for Partial Summary Judgment shall be, and it hereby is DENIED as to Mr. Almonte's argument that Universal violated the automatic stay, and GRANTED as to Mr. Almonte's argument that Universal violated the standard discharge injunction.

Clerk to schedule a status conference on November 20, 2014 to discuss any and all remaining issues, including Universal's request for discovery as to damages.

In San Juan, Puerto Rico this 24th day of October, 2014.

Brian K. Tester
U.S. Bankruptcy Judge
for the District of Puerto Rico

11